## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOX MEDICAL EHF,                                )
                                                )
        Plaintiff,                            )
                                                )
                                                )    C.A. No. 15-709-RGA
    v.                                        )
                                                )    **JURY TRIAL DEMANDED**
NATUS NEUROLOGY INC.,                           )
                                                )
        Defendant.                            )

## [PROPOSED] SCHEDULING ORDER

This 14 day of December, 2015, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(l) Initial Disclosures. Unless otherwise agreed to by the parties, the parties

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within

ten days of the date of this Order, and shall include the following:

    a. Custodians. The 10 custodians most likely to have discoverable information in

their possession, custody or control, from the most likely to the least likely. The custodians shall

be identified by name, title, role in the instant dispute, and the subject matter of the information.

    b. <u>Non-custodial data sources</u>.[1]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

    c. <u>Notice</u>.  The parties shall identify any issues relating to:

    i.    Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

    ii.    Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

    iii.    Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

    Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

    2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 11, 2016.

    3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before December 30, 2016.

---

[1] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

    b. <u>Document Production</u>. Document production shall be substantially complete by September 16, 2016.

    c. <u>Standards for Discovery</u>.

     i.  <u>Proportionality</u>. The Parties shall use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, indemnification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

     ii.  <u>Preservation of Discoverable Information</u>. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control. Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

     iii.  <u>Specific E-Discovery Issues</u>.

     A.  <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

     B.  <u>Search methodology</u>. If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than

10 additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 1(a).

        C.    <u>Format</u>.  ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF).  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.  The parties shall produce their information in the following format: multi-page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

        D.    <u>Native files</u>.  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

        E.    <u>Metadata fields</u>.  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

d. Initial Discovery in Patent Cases.

i.      By December 18, 2015, the Plaintiff will specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

ii.     By February 19, 2016, Defendant will produce to Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, specifications, and sample products.

iii.    By March 18, 2016, Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

iv.     By April 15, 2016, Defendants will produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publication, manuals, and patents).

v.      Absent a showing of good cause, follow-up discovery shall be limited to a term of six years before the filing of the Complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

e. Requests for Admission. A maximum of 25 requests for admission are permitted for each side, exclusive of requests relating to the authenticity or admissibility of documents.

f. Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

g. Depositions.

      i.      Limitation on Hours for Deposition Discovery. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.

      ii.      Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      h. Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

6

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(h) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

7

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before May 6, 2016, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. On or before June 3, 2016, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer on or before June 10, 2016 to prepare a Joint Claim Construction Chart. The Joint Claim Construction Chart shall be filed no later than June 24, 2016. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be emailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on July 22, 2016. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on August 19, 2016. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on September 9, 2016. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on September 30, 2016. No later than October 7, 2016,

the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A.  [TERM 1]

        1. Plaintiffs Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs Reply Position

        4. Defendant's Sur-Reply Position

    B.  [TERM 2]

        1. Plaintiffs Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs Reply Position

        4. Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9. <u>Hearing on Claim Construction</u>. Beginning at <u>9:00</u> **A** .m. on November **8** , **2016**, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which

answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of opening expert reports is due on or before March 3, 2017.  Rebuttal expert reports shall be served on or before March 31, 2017.  Reply expert reports from the party with the initial burden of proof are due on or before April 28, 2017. No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before June 9, 2017.

b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 7, 2017. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7 .1.1.

13. <u>E-mail Service</u>. The parties have consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by email shall be made on all counsel of record (both local and national) for that party. The parties also agree that, for purposes of computing deadlines for responses to pleadings, or discovery requests, motions, or any document to which a response deadline is triggered by service of such document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

14. <u>Privilege</u>. The parties are not required to prepare privilege logs or otherwise schedule documents withheld from production to the extent that they (1) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and/or other exemption or immunity from production and are generated after the filing of the Complaint. All other withheld documents must be logged in full compliance with Fed. R. Civ. P. 26(b)(5)(A).

15. <u>Pretrial Conference</u>. On ~~October~~ November 17 , 2017, @ 2:00 pm the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

11

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18. <u>Trial</u>. This matter is scheduled for a five-day jury trial beginning at 9:30   A .m. on November 27, **2017**, with the subsequent trial days beginning at 9:30a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

12

19. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE

13