IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOX MEDICAL EHF,<br><br>                Plaintiff;<br>v.<br><br>NATUS NEUROLOGY INC.,<br><br>                Defendant. | Civil Action No. 15-709-RGA |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion to Dismiss Count IV of Defendant's Counterclaims. (D.I. 31). The issues have been fully briefed. (D.I. 32, 36, 37). For the reasons set forth herein, Plaintiff's motion to dismiss is **GRANTED**.

On August 17, 2015, Plaintiff filed this action, alleging infringement of U.S. Patent No. 9,059,532 ("the '532 patent"). (D.I. 1). In Count IV of its counterclaims, Defendant seeks a "Declaratory Judgment of Invalidity and/or Unenforceability for Failure to Comply With the Rules Governing U.S. Stage National Entry of a PCT Application." (D.I. 29 at 43). On May 4, 2016, Plaintiff filed this motion to dismiss. (D.I. 31).

On December 24, 2012, the applicant of the '532 patent filed U.S. Patent Application No. 13/806,834 ("the '834 App."), which claimed priority from International Patent Application No. PCT/IS2011/050010. (D.I. 29 ¶ 83). On January 15, 2013, the PTO mailed the applicant a "Notice of Missing Requirements Under 35 U.S.C. § 371 In The United States Designated/Elected Office," specifically informing the applicant that the "[o]ath or declaration of the inventors, in compliance with 37 CFR 1.497(a) and (b)" "**MUST** be furnished within the time period set forth." (*Id.* ¶ 84 (emphasis in original)). On March 18, 2013, the applicant

1

responded to the notice and supplied an oath and declaration made by inventor Kormákur Hlini Hermannsson. (*Id.* ¶ 87). The PTO subsequently accepted the '834 App. and identified March 18, 2013 as the "date of completion of all 35 U.S.C. 371 requirements." (*Id.* ¶ 88).

On January 19, 2016, Plaintiff filed, pursuant to 37 C.F.R. § 1.324 and 35 U.S.C. § 256, a "Statement to Correct Inventorship," seeking to add Sveinbjörn Höskuldsson as a named inventor on the '532 patent. (*Id.* ¶ 89; D.I. 32, Ex. A). The PTO issued a Certificate of Correction on February 2, 2016, adding Mr. Höskuldsson as an inventor. (D.I. 29 ¶ 23).

Defendant contends that "[b]ecause Mr. Hokuldsson was not identified as an inventor on the claimed subject matter . . . and did not submit an inventor's oath or declaration to the PTO within the statutory time period . . . ., the '532 Patent was obtained in contravention of the [Patent Act], . . . [and] should be judged invalid and/or unenforceable." (*Id.* ¶ 94).

Plaintiff argues that the Federal Circuit's holding in *Aristocrat Techs. Aus. PTY Ltd. v. Int'l Game Tech.*, 543 F.3d 657 (Fed. Cir. 2008), forecloses invalidity defenses premised on a failure to satisfy § 371. (D.I. 32 at 9-12). Plaintiff also argues that § 256 bars a "counterclaim for declaratory judgment of invalidity based on incorrect inventorship under § 371(c)(4) and (d)." (*Id.* at 12).

I do not need to decide whether, in light of *Aristocrat*, an applicant's noncompliance with § 371(c)(4) may be used as an invalidity defense. Since the defects of the '532 patent have been rectified by a Certificate of Correction issued pursuant to § 256, Count IV of Defendant's counterclaims fails as a matter of law.

Section 256 provides that "[t]he error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as

2

provided in this section." 35 U.S.C. § 256 (post-AIA).[1] Defendant argues that the "statute allows for correction of inventorship only to validly issued patents." (D.I. 36 at 20). Since the '834 App. should have been deemed abandoned pursuant to § 371(d), Defendant argues, "the '532 patent 'was stillborn'" and therefore not validly issued. (*Id.* (quoting *Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985)). Thus, according to Defendant, § 256 is inapplicable.

Defendant's reading must be rejected. The text of § 256 does not limit its application in any way, aside from the requirement that the error "can be corrected as provided in this section." 35 U.S.C. § 256(b) (post-AIA). Defendant also fails to cite any cases supporting its interpretation. I do not find this surprising, as Defendant's reading violates basic principles of statutory construction.

In the pre-AIA regime, both § 111 (domestic applications) and § 371 (applications entering national stage from a PCT international application) require compliance with 35 U.S.C. § 115. 35 U.S.C. §§ 111(a)(2)(C), 371(c)(4) (pre-AIA). Section 115 provides that "[t]he applicant shall make oath that he believes himself to be the original and first inventor of the [invention] for which he solicits a patent; and shall state of what country he is a citizen." 35 U.S.C. § 115 (pre-AIA).[2] Both § 111 and § 371 describe the consequences for failure to comply with § 115. Section 111 provides that, "[u]pon failure to submit the . . . oath . . ., the application shall be regarded as abandoned." 35 U.S.C. § 111(a)(4) (pre-AIA). Section 371 provides that

---

[1] The AIA amendments to 35 U.S.C. § 256 took effect on September 16, 2012. The AIA provides that those amendments "shall apply to proceedings commenced on or after that effective date." Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 20(l) (2011). Since the proceedings to correct inventorship began on January 19, 2016, post-AIA § 256 applies.

[2] "When an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath . . . ." 35 U.S.C. § 116 (pre-AIA); *see also* 37 C.F.R. §§ 1.45(a), 1.497(b)(1) (pre-AIA).

3

the "[f]ailure to comply with the[] requirements [of subsection c(4)] shall be regarded as abandonment of the application." 35 U.S.C. § 371(d) (pre-AIA).

Under Defendant's interpretation of the statute, any applications which failed to name a joint inventor—and therefore failed to supply an oath from that joint inventor—would be deemed "stillborn" and ineligible for correction under § 256. The "shall not invalidate the patent" language of § 256(b) would thus be largely inoperative. In other words, if Defendant's interpretation were adopted, a significant portion of § 256 "would be rendered insignificant, if not wholly superfluous." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quotation marks omitted). Such a reading, which also fails to find any support in the statutory language, must be avoided. *Id.*

Here, when filing a national stage application pursuant to 35 U.S.C. § 371, the applicant of the '834 App. omitted Mr. Höskuldsson as inventor. While that omission violated § 371(c)(4) and § 1.497(b)(1), the PTO issued the patent. Since that "error of omitting [an] inventor[]" was "corrected as provided in [§ 256]," it "shall not invalidate [the '532 patent]." 35 U.S.C. § 256(b) (post-AIA). Defendant's counterclaim fails as a matter of law and must be dismissed.

For the reasons stated above, Plaintiff's motion to dismiss (D.I. 31) is **GRANTED**.

It is **SO ORDERED** this 20 day of June, 2016.

/s/ Richard G. Andrews
United States District Judge

4