IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOX MEDICAL EHF, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-709-RGA |
| NATUS NEUROLOGY INC., | : |
| Defendant. | : |

**ORDER ON MOTIONS IN LIMINE**

Nox MIL #1 (D.I. 235, Exh. G). This motion will be addressed separately. On Plaintiff's third argument, that certain theories are barred by issue preclusion, Plaintiff cites two cases and Defendant cites none. Plaintiff's only Federal Circuit citation stands for the unremarkable proposition that a prior IPR decision finding a patent claim obvious precludes there being a dispute about the obviousness of the same claim in a second proceeding. That is not what Plaintiff wants to bar here. Plaintiff picks out various passages in the IPR opinion, and says Defendant cannot relitigate the subject of those passages. I would like both parties to do some legal research and submit briefs with more pertinent authorities, fleshing out whether there is any basis for what Plaintiff requests. The parties might consider whether the IPR estoppel statute has any impact on the analysis. The parties should submit any such briefs by COB April 20, 2018, and may submit any answering briefs by COB April 23, 2018.

Nox MIL #2 (D.I. 235, Exh. H). The motion is GRANTED, as it is, in principle, unopposed. The parties discuss "withheld" references. In front of the jury, all any party can say is that a particular reference was, or was not, before the PTO during prosecution. Any hint

before the jury about wrongdoing (that is, dishonesty with, or concealment of anything from, the PTO) is EXCLUDED.

Nox MIL #3 (D.I. 235, Exh. I). Defendant says it will not introduce evidence of its "redesigned disposable RIP belt," but "reserves the right to present such evidence to rebut efforts by Nox to use this same evidence in defense of [Defendant's] invalidity claims or in support of its damages claims." Plaintiff responds that its evidence about design, or redesign, is in the 2011-13 time period. Thus, if I understand Plaintiff correctly, it will not introduce any "redesign evidence" post-dating 2013, and therefore Defendant's evidence about efforts leading up to the 2018 redesign will be excluded. On that understanding, the MIL is GRANTED. (It should be obvious that there is no expert testimony about whether the redesigned belt infringes or not. It is not an accused product. Thus, I expect both sides' damages experts will take into account the phasing out of the accused product. The parties should advise at the pretrial conference if this is an issue.)

Natus MIL #1 (D.I. 235, Exh. J). I agree with Plaintiff that this motion in limine is really an untimely summary judgment motion. It is therefore DENIED. On the subject of my claim constructions, as both sides agree, the experts have to use the claim constructions. If the parties have not done so already, they need to put all of the relevant claim constructions into one proposed order, which will go to the jury. The jury gets that order, and only that order. It does not get my claim construction opinions.

Natus MIL #2 (D.I. 235, Exh. K). Defendant's motion is GRANTED. Failure to institute an IPR has little or no probative value, and, to the extent there is any probative value, it is greatly outweighed by the risk of jury confusion and the time it would take to put the failure to institute in an appropriate context. Fed. R. Evid. 403. Further, to the extent Defendant states that it can

use the institution of the IPR, or the pendency of IPR proceeding, for any purpose, including lack of willfulness, such evidence would be excluded on the same rationale. The parties are instructed that the jury is not to be told about the IPR in any fashion. Of course, if a witness made an inconsistent statement in connection with an IPR, the witness may be impeached with it, but without disclosure that it occurred in an IPR.

Natus MIL #3 (D.I. 235, Exh. L). Both sides agree that Defendant did not infringe the asserted patent before it was issued. Plaintiff wants to put on evidence that Defendant copied the product that embodies the patent, and, then, when it learned of the patent, continued to make and sell its product. This seems like relevant evidence to support a theory of willfulness. I will instruct the jury that it is perfectly lawful to copy unpatented products. I will also instruct the jury that before the date of issuance, Plaintiff's product was an unpatented product (or something similar). Thus, I will make sure that the jury does not find the Defendant acted willfully for non-infringing and lawful conduct. Defendant's motion is DENIED. The parties should meet and confer, and submit a proposed instruction that I can give during trial in order to make sure that the evidence is only used for a proper purpose and that there is no unfair prejudice to Defendant.

IT IS SO ORDERED this 12 day of April 2018.

_____
United States District Judge