IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NOX MEDICAL EHF,                    :
                                    :
            Plaintiff,              :
                                    :
      v.                            :    Civil Action No. 15-709-RGA
                                    :
NATUS NEUROLOGY INC.,               :
                                    :
            Defendant.              :

**FURTHER ORDER ON NOX MOTION IN LIMINE #1**

I address Nox motion in limine #1. (D.I. 235, Exh. G).

Nox seeks to exclude "non-disclosed" obviousness theories. It identifies six "new" ones
and six "additional" ones.

As to the argument that the "additional" ones were not disclosed, I think it suffices to say
that they were disclosed, albeit in the form of "A in view of B," where as they are now described
as "B in view of A." I agree with Defendant that they are the same combinations as the disclosed
combinations. Plaintiff says the motivation to combine A with B would be different than the
motivation to combine B with A. Plaintiff gives no examples. I do not see any prejudice to
Plaintiff, but, of course, if Defendant's expert gives some previously undisclosed explanation for
motivation to combine, that might be an issue. I direct Defendant to file a letter by no later than
April 18, 2018, stating whether the motivations to combine for any of the combinations are
different than those disclosed in the expert reports for the mirror image combinations. Unless I
state otherwise after reading Defendant's letter, this portion is denied.

As to the argument about the "new" ones, there are six combinations. Two of them involve the combination of the Nox RES Belt and Harhen. I did not see, and Defendant does not point out, anywhere in Dr. Williams's expert report where the Nox RES Belt and Harhen were combined. Defendant seems to rely on a "reservation of rights" by its expert as the basis for saying it can just mix and match references on the eve of trial. Response, p. 2. I disagree. Defendant does not make any argument in support of allowing the substitution other than the reservation of rights. Therefore, the Nox RES Belt and Harhen combinations are excluded. The other four combinations are more reasonably asserted. The Nox RES Belt was disclosed with McIntire, and the other three combinations were all disclosed for the sole independent claim. It is hard for me to see what the prejudice is in allowing the Nox RES Belt to fly solo without McIntire, and if the other three combinations cover the various additional limitations of the dependent claims, I do not see much possibility for prejudice to Plaintiff. The other four are not excluded.

Defendant also raises arguments about IPR estoppel.

As to the first argument about IPR estoppel, Plaintiff states that two combinations were only asserted against certain claims. Plaintiff's MIL, p.2 (Gobron in view of Lawrence or Sommer; Hermannsson and Harhen). Defendant does not address this in response. Defendant's Response, p.3; Reply, p.1. Thus, I assume that Defendant concedes this point. Defendant should advise me at the pretrial conference if I am wrong about this. Otherwise, Plaintiff's motion is granted on this point.

As to the second argument about IPR estoppel, for the combinations that Defendant tried to raise in the IPR, but which the PTAB did not institute, Defendant may pursue the combinations at trial. For those combinations "A in view of B" on which the PTAB did not

institute, I would regard that as reasonably raising "B in view of A" also, and thus I reject

Plaintiff's assertions to the contrary. On this point, Plaintiff's motion is denied.

As noted separately, I reserve judgment on the issue preclusion aspect of the motion,

pending further briefing.

Thus, on Nox motion in limine #1, the motion is **GRANTED IN PART, DENIED IN**

**PART, AND RESERVED IN PART**.

It is so ordered this 12 day of April 2018.

United States District Judge