IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOX MEDICAL EHF, <br><br> Plaintiff, <br><br> v. <br><br> NATUS NEUROLOGY INC., <br><br> Defendant. | Civil Action No. 15-709-RGA |

### MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion in Limine #1. (D.I. 235, Exh. G). On April 12, 2018, I requested the parties to "submit briefs with more pertinent authorities" and to "flesh[] out whether there is any basis" for issue preclusion arising out of the PTAB's IPR review associated with this case. (D.I. 240 at 1). They did so. (D.I. 248, 249, 250, 251).

For the reasons that follow, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion is **DENIED**. (D.I. 235, Exh. G.).

For issue preclusion, the Federal Circuit generally applies the law of the regional circuit in which the district court sits. *AbbVie Deutschland GbmH & Co. KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1295 (Fed. Cir. 2014). In the Third Circuit, an issue is precluded where "(1) the identical issue was previously litigated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

Plaintiff argues,

> issue preclusion bars [Defendant] from presenting argument or evidence on four issues: that (1) Figures 13 or 14 of McIntire (or accompanying disclosure) teach a conductor exiting a receiving hole, (2) it would have been obvious to modify Figure 14 of McIntire so that the conductor exits the receiving hole, (3) there is a reasonable

interpretation of "wrapped around" that is broader than "following a path that substantially surrounds and encloses," or (4) Figures 13 or 14 of McIntire disclose a conductor "wrapped around" an engaging member.

(D.I. 248 at 2).

As to the first issue, Defendant says it "does not intend to argue at trial that Figures 13 [and] 14 expressly disclose a conductor exiting a receiving hole," so the "issue raised in [Plaintiff's] motion is moot." (D.I. 249 at 1). Because Defendant represents that this first issue is moot, Defendant may not argue at trial that Figures 13 or 14 of McIntire "teach a conductor exiting a receiving hole," be it expressly or impliedly.

As to the second issue, Plaintiff's argument falls short. The PTAB was considering a different group of prior references when determining it would not "have been obvious to modify Figure 14 of McIntire so that the conductor exits the receiving hole." (*See* D.I. 231 at p. 4). Accordingly, an "identical issue" was not "previously litigated." Issue preclusion cannot apply.

As to the third and fourth issues, the PTAB concluded that the broadest reasonable interpretation of "wrapped around" is "following a path that substantially surrounds and encloses." (D.I. 231 at p. 15). However, it is too late for either party to be arguing about the proper claim construction for "wrapped around." As a result, I need not decide whether Defendant is barred from presenting argument on whether there is a reasonable interpretation of "wrapped around" that is broader that "following a path that substantially surrounds and encloses," or Figures 13 or 14 of McIntire disclose a conductor "wrapped around" an engaging member.

Entered this 26 day of April, 2018.

*[signature]*
United States District Judge

2